JAMES DAIRE (S.B.N. 239637)
REED LYON (S.B.N. 288361)
YELP INC.
350 Mission St. 10th Floor
San Francisco, CA 94105
Telephone: (415) 908-3801
Facsimile: (415) 615-0809
Email:       jdaire@yelp.com
Email:       reedlyon@yelp.com

Attorneys for Plaintiff
YELP INC.

ANTON "TONY" N. HANDAL (S.B.N. 113812)
JENIFER C. WALLIS (S.B.N. 303343)
MUNCK WILSON MANDALA, LLP
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 855-3311
Facsimile: (972) 628-3616
Email:       thandal@munckwilson.com
Email:       jwallis@munckwilson.com

Attorneys for Defendant
REVIEWVIO INC. d/b/a DANDY

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>v.<br><br>REVIEWVIO INC., d/b/a DANDY,<br><br>      Defendant. | Case No.  23-cv-06508-WHA<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:     May 23, 2024<br>Time:    8:00am<br>Dept.:    Courtroom 12<br><br>Action Filed: December 18, 2023 |

Plaintiff Yelp Inc. ("Yelp") and Defendant ReviewVio Inc., d/b/a/ Dandy ("ReviewVio"), have met and conferred and jointly submit this Updated Joint Case Management Statement & Proposed Order pursuant to the Court's February 16, 2024 Order (ECF No. 18), the Clerk's Notice Rescheduling the Initial Case Management Conference (ECF No. 28), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Civil Local Rule 16-9 in advance of the Initial Case Management Conference scheduled for May 23, 2024.

## 1. JURISDICTION & SERVICE

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121, because Yelp's claims arise under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court has supplemental jurisdiction over Yelp's state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367 because they are so related to Yelp's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts. This Court has personal jurisdiction over ReviewVio because it is a business entity that resides in California, does sufficient business and/or has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it consistent with traditional notions of fair play and substantial justice.

No issues exist regarding personal jurisdiction or venue, and all parties have been served.

## 2. FACTS

The parties separately describe their respective positions on the facts.

### a. Plaintiff's Position

Yelp operates a popular website, mobile site, and related mobile applications (collectively, the "Yelp Service") that allow members of the public to, among other things, read and write reviews of local businesses, government agencies, and other local establishments. Consumer trust is a top priority and Yelp takes significant measures to maintain the integrity and quality of the content on Yelp, while working to level the playing field for all businesses.

ReviewVio engages in suppression of Yelp reviews by offering "review gating" products or services, through which consumers with positive feedback are invited to write a public review of their experience with a particular business, while criticisms are diverted from publication. Review gating misleads consumers, who may remain unaware when viewing a profile of a particular business that review gating has been employed to suppress critical reviews. ReviewVio holds itself and Dandy out as "reputation management" companies who falsely claim to be able, for a fee, to remove "bad reviews" and "negative reviews" from Yelp (as well as from other internet platforms).

Yelp demanded that ReviewVio stop promoting, advertising, and/or offering any services relating to Yelp and stop its false and misleading representations regarding Yelp. Todd Bell of ReviewVio responded that ReviewVio would comply, without equivocation. A little over a year later, ReviewVio started doing business as Dandy and (to the extent it ever stopped) resumed its review gating, mass reporting, and false representations about its ability to take down Yelp reviews and its "integration" with Yelp.

Yelp contacted ReviewVio again. This time ReviewVio represented that it would, among other things, remove Yelp's federally registered, famous trademarks from ReviewVio's websites and stop making false representations about ReviewVio's relationship to and ability to influence or control Yelp. But nothing changed, and nine months later Yelp filed this lawsuit. The principal factual issues are: (1) the extent to which ReviewVio review gates in connection with Yelp; (2) the extent to which ReviewVio makes its specified misrepresentations and false affiliation claims about Yelp; and (3) the amount of ReviewVio's profits from its Yelp-related conduct.

**b. Defendant's Position**

ReviewVio has not engaged in any activities that would give rise to liability as to Yelp. ReviewVio believes that the claims brought by Yelp against it will be properly dismissed.

**3. LEGAL ISSUES**

The parties separately describe their respective positions on the legal issues in dispute.

**a. Plaintiff's Position**

The primary legal issue is the appropriate remedies for ReviewVio's conduct, which should not be subject to legitimate dispute.

### b. Defendant's Position

ReviewVio is not liable to Yelp. ReviewVio believes that Plaintiff's Amended Complaint, and all claims against it, should be dismissed. Should Plaintiff's claims survive ReviewVio's dispositive motion, ReviewVio will answer and assert affirmative defenses, in due course.

## 4. MOTIONS

On April 8, 2024, ReviewVio filed a motion to dismiss Yelp's First Amended Complaint pursuant to Fed. R. Civ. Proc. 9(B) and 12(B)(6) (ECF No. 33) and a motion to strike portions of Yelp's First Amended Complaint (ECF No. 34). Yelp filed oppositions to each (respectively, ECF Nos. 36 and 37) and ReviewVio filed replies (respectively, ECF Nos. 38 and 39). The motions are currently set for hearing on May 23, 2024.

The parties may bring additional motions as developments warrant, including motions for summary judgment.

## 5. AMENDMENT OF PLEADINGS

The parties propose **September 30, 2024** as the deadline for amending the pleadings.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties will continue to meet and confer on potential ESI issues as necessary. Each party represents that it has instituted reasonable document retention procedures to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

## 7. DISCLOSURES

The parties have exchanged initial disclosures.

## 8. DISCOVERY

A. <u>Rule 26(a) initial disclosures</u>: The parties do not request any changes to the form or requirement for initial disclosures under Rule 26(a).

B. <u>Scope of anticipated discovery</u>:

Without waiving its right to take all other appropriate discovery with Rule 26, Yelp has propounded requests for production, requests for admission, and interrogatories and intends to seek discovery on at least the following topics:

- ReviewVio's Yelp-related representations and sales, including the channels in which it told that public that it "integrates with Yelp"; has the ability to remove critical reviews from Yelp, and offered or sold its review gating service for use with the Yelp platform.
- Likely or actual consumer confusion regarding ReviewVio's Yelp-related services;
- How long ReviewVio has offered Yelp-related products and services and been engaged in its Yelp-related conduct; and
- ReviewVio's profits.

Without waiving its right to take all other appropriate discovery with Rule 26, ReviewVio intends to seek discovery on at least the following topics:

- Yelp's claims
- Yelp's alleged damages
- ReviewVio's affirmative defenses, to be asserted should its dispositive motions not prevail.

As set forth in the proposed case schedule below, the parties propose May 16, 2025, as the deadline to complete discovery. The Court's ruling on the Motion to Dismiss may impact the parties' views on whether discovery should be conducted in phases or focused on particular issues. The parties agree to meet and confer following the Court's ruling on the anticipated motion to discuss whether phasing or other limitations would be appropriate.

C. <u>Electronically stored information</u>: The parties have met and conferred regarding the ESI Guidelines. Should one become necessary, the parties will enter into a stipulated e-discovery order consistent with the Court's Model Stipulated Order Re: Discovery of Electronically Stored Info.

D. <u>Privilege issues</u>: The parties may assert the attorney-client privilege, attorney work product doctrine, and/or other privileges, as applicable. The parties agree that attorney-client privileged communications between the parties and their counsel in this action that (1) concern this action and (2) were generated after ReviewVio's acceptance of service of the original Complaint by counsel need not be listed on a privilege log. If either party claims that it inadvertently disclosed privileged or work product materials or information, the parties will follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

E. <u>Discovery limitations</u>: The parties do not anticipate a need to change the discovery limitations or impose additional discovery limitations at this time.

F. <u>Other orders:</u> The parties are submitting a stipulated protective order based on the model order for highly sensitive confidential information and/or trade secrets to govern the production, disclosure, and treatment of confidential material and information produced or provided in discovery. The parties have not identified any discovery disputes that require the Court's attention at this time.

**9. CLASS ACTIONS**

This case is not a class action.

**10. RELATED CASES**

There are no related cases.

**11. RELIEF**

Yelp seeks the following relief: (1) a finding that ReviewVio engaged in unfair competition, infringement, and dilution through its use of the YELP marks (as that term is defined in paragraph 39 of the First Amended Complaint); (2) a finding that ReviewVio's trademark infringement was knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a); (3) a finding that ReviewVio engaged in unfair competition and false advertising and breached Yelp's Terms of Service by engaging in the

unlawful conduct described above; (4) that the Court enter an order enjoining and restraining ReviewVio and all persons or entities acting as agents of or in concert with ReviewVio, during the pendency of this action and thereafter, from: (a) infringing or diluting the YELP marks in any way, including but not limited to through or on ReviewVio's websites and sales and marketing collateral; (b) accessing or attempting to access the Yelp Service and/or any Yelp computer systems or information on the Yelp Service or any Yelp computer systems; (c) initiating, sending, or procuring the initiation or sending of any unsolicited commercial message to Yelp or any Yelp user regarding ReviewVio's business practices described above; (d) engaging in activity that violates Yelp's Terms of Service; including but not limited to (i) offering Yelp review suppression products or services, (ii) promoting businesses or commercial ventures in connection with the Yelp Service, (iii) sending unsolicited commercial messages to Yelp users, and (iv) recording, processing, or mining any information about Yelp users; (5) that Yelp be awarded actual damages and ReviewVio's profits; (6) that Yelp be awarded statutory damages and/or penalties; (7) that Yelp be awarded its reasonable attorney's fees and costs, as well as prejudgment interest to the extent available under the law; (8) that Yelp be awarded treble and punitive damages; and (9) that Yelp be granted such other and further relief as the court deems just and proper.

Should its Motion to Dismiss fail, ReviewVio reserves the right to bring any affirmative defenses or counterclaims it may have.

**12. SETTLEMENT AND ADR**

The parties have met and conferred regarding ADR processes, filed ADR certifications (ECF Nos. 26 and 27), and believe that ADR is premature at this time but are willing to agree to private mediation after the pleadings are settled.

**13. OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. NARROWING OF ISSUES**

The parties agree that the Court's ruling on the anticipated Motion to Dismiss may impact the parties' views on whether it may be possible to narrow the issues of the case by agreement or

motion, and are willing to continue meeting and conferring regarding whether and how such a narrowing may be possible.

**15. SCHEDULING**

The parties jointly propose the following case schedule:

| Deadline | Proposed Date |
| --- | --- |
| Initial expert disclosures | March 21, 2025 |
| Rebuttal expert disclosures | April 28 , 2025 |
| Discovery cutoff | May 16, 2025 |
| *Daubert* and dispositive motion cutoff | June 5, 2025 |
| *Daubert* and dispositive motion hearings | July 17, 2025 |
| Pretrial conference | October 18, 2025 |
| Trial | November 17, 2025 |

**16. TRIAL**

The parties agree that this case cannot be handled under the Expedited Trial Procedure. Yelp has demanded a jury trial, but both parties are open to stipulating to a bench trial if the parties can reach agreement as to certain facts. If tried to a jury, the parties expect trial will take approximately 3-5 days.

**17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

Yelp's Certification of Interested Entities or Persons (Dkt. 2) states that there is no conflict to report and the following listed persons, associations of persons, firms, partnerships, corporations, or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) BlackRock, Inc. and (2) The Vanguard Group, Inc.

ReviewVio's Certification of Interested Entities or Persons (Dkt. 17) states that there is no conflict of interest (other than the named parties) to report.

**18. PROFESSIONAL CONDUCT**

All attorneys of records for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

N/A.

DATED:  May 7, 2024                               Respectfully submitted,

                                                  By: */s/  James Daire\**
                                                           James Daire

                                                  Attorneys for Plaintiff
                                                  Yelp Inc.

DATED:  May 7, 2024                               Respectfully submitted,

                                                  Munck Wilson Mandala, LLP

                                                  By: */s/Jenifer Wallis*

                                                  Attorneys for Defendant
                                                  ReviewVio Inc. d/b/a Dandy

\* *The filer of this document, James Daire, certifies under N.D. Cal. Civil L.R. 5-1(i)(3) that he has obtained authorization from the above signatories to file the above-referenced document and that they have concurred in the filing's content.*

**CASE MANAGEMENT ORDER**

The above UPDATED JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

    IT IS SO ORDERED.


    DATED:_____


                                              _____
                                              Hon. William Alsup
                                              UNITED STATES DISTRICT JUDGE