UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YELP INC.,

        Plaintiff,

      v.

REVIEWVIO INC.,

        Defendant.

No. 23-cv-06508-WHA

**CASE MANAGEMENT ORDER**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. All initial disclosures under FRCP 26 must be completed by **JUNE 6, 2024**, on pain of preclusion under FRCP 37(c), including full and faithful compliance with FRCP 26(a)(1)(A)(iii).

2. Leave to add any new parties or to amend pleadings must be sought by **SEPTEMBER 30, 2024**.

3. The private mediator must be selected and on calendar by **JUNE 27, 2024**, and the mediation must be completed by **SEPTEMBER 30, 2024**.

4. The non-expert discovery cut-off date shall be **FEBRUARY 28, 2025**.

5. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **FEBRUARY 28, 2025**. Within fourteen calendar days of said deadline,

all other parties must disclose any expert reports on the same issue ("opposition reports"). Within seven calendar days thereafter, the party with the burden of proof must disclose any reply reports rebutting specific material in opposition reports. Reply reports must be limited to true rebuttal and should be very brief. They should not add new material that should have been placed in the opening report and the reply material will ordinarily be reserved for the rebuttal or sur-rebuttal phase of the trial. If the party with the burden of proof neglects to make a timely disclosure, the other side, if it wishes to put in expert evidence on the same issue anyway, must disclose its expert report within the fourteen-day period. In that event, the party with the burden of proof on the issue may then file a reply expert report within the seven-day period, subject to possible exclusion for "sandbagging" and, at all events, any such reply material may be presented at trial only after, if at all, the other side actually presents expert testimony to which the reply is responsive. The cutoff for all expert discovery shall be fourteen calendar days after the deadline for reply reports. In aid of preparing an opposition or reply report, a responding party may depose the adverse expert sufficiently before the deadline for the opposition or reply report so as to use the testimony in preparing the response. Experts must make themselves readily available for such depositions. Alternatively, the responding party can elect to depose the expert later in the expert-discovery period. An expert, however, may be deposed only once unless the expert is used for different opening and/or opposition reports, in which case the expert may be deposed independently on the subject matter of each report. At least 28 calendar days before the due date for opening reports, each party shall serve a list of issues on which it will offer any expert testimony in its case-in-chief (including from non-retained experts). This is so that all parties will be timely able to obtain counter-experts on the listed issues and to facilitate the timely completeness of all expert reports. Failure to so disclose may result in preclusion.

6. As to damages studies, the cut-off date for past damages will be as of the expert report (or such earlier date as the expert may select). In addition, the experts may try to project

United States District Court
Northern District of California

1    future damages (i.e., after the cut-off date) if the substantive standards for future

2    damages can be met.  With timely leave of Court or by written stipulation, the experts

3    may update their reports (with supplemental reports) to a date closer to the time of trial.

4    7.    At trial, the opening testimony of experts on direct examination will be limited to the

5          matters disclosed in their opening reports (and any reply reports may be covered only on

6          rebuttal or sur-rebuttal).  Omitted material may not ordinarily be added on direct

7          examination.  This means the reports must be complete and sufficiently detailed.

8          Illustrative animations, diagrams, charts and models may be used on direct examination

9          only if they were part of the expert's report, with the exception of simple drawings and

10         tabulations that plainly illustrate what is already in the report, which can be drawn by the

11         witness at trial or otherwise shown to the jury.  If cross-examination fairly opens the

12         door, however, an expert may go beyond the written report on cross-examination and/or

13         redirect examination.  By written stipulation, of course, all sides may relax these

14         requirements.  For trial, an expert must learn and testify to the full amount of billing and

15         unbilled time by him or his firm on the engagement.

16   8.    To head off a recurring problem, experts lacking percipient knowledge should avoid

17         vouching for the credibility of witnesses, i.e., whose version of the facts in dispute is

18         correct.  This means that they may not, for example, testify that based upon a review of

19         fact depositions and other material supplied by counsel, a police officer did (or did not)

20         violate standards.  Rather, the expert should be asked for his or her opinion based —

21         explicitly — upon an assumed fact scenario.  This will make clear that the witness is not

22         attempting to make credibility and fact findings and thereby to invade the province of

23         the jury.  Of course, a qualified expert can testify to relevant customs, usages, practices,

24         recognized standards of conduct, and other specialized matters beyond the ken of a lay

25         jury.  This subject is addressed further in the trial guidelines referenced below.

26   9.    Counsel need not request a motion hearing date and may notice non-discovery motions

27         for either the second or fourth Thursday of each month (excepting holidays) at 8:00 a.m.

28         The Court sometimes rules on the papers, issuing a written order and vacating the

3

United States District Court
Northern District of California

hearing.  Unless discovery supervision has been referred to a magistrate judge, discovery motions should be as per the supplemental order referenced below.

10.   The last date to file dispositive motions shall be **APRIL 17, 2025**.  No dispositive motions shall be heard more than 35 days after this deadline, i.e., if any party waits until the last day to file, then the parties must adhere to the 35-day track in order to avoid pressure on the trial date.

11.   The final pretrial conference shall be held on **JULY 9, 2025**, at 2:00 p.m.  Although the Court encourages argument and participation by younger attorneys, lead trial counsel must attend the final pretrial conference.  For the form of submissions for the final pretrial conference and trial, please see paragraph below.

12.   A jury trial shall begin on **JULY 14, 2025**, at 7:30 a.m., in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.  The trial schedule and time limits shall be set at the final pretrial conference.  Although almost all trials proceed on the date scheduled, it may be necessary on occasion for a case to trial, meaning the trial may commence a few days or even a few weeks after the date stated above, due to calendar congestion and the need to give priority to criminal trials.  Counsel and the parties should plan accordingly, including advising witnesses.

13.   Counsel may not stipulate around the foregoing dates without Court approval.

14.   While the Court encourages the parties to engage in settlement discussions, please do not ask for any extensions on the ground of settlement discussions or on the ground that the parties experienced delays in scheduling settlement conferences, mediation or ENE. The parties should proceed to prepare their cases for trial.  No continuance (even if stipulated) shall be granted on the ground of incomplete preparation without competent and detailed declarations setting forth good cause.

15.   To avoid any misunderstanding with respect to the final pretrial conference and trial, the Court wishes to emphasize that all filings and appearances must be made — on pain of dismissal, default or other sanction — unless and until a dismissal fully resolving the case is received.  It will not be enough to inform the clerk that a settlement in principle

4

United States District Court
Northern District of California

1   has been reached or to lodge a partially executed settlement agreement or to lodge a

2   fully executed agreement (or dismissal) that resolves less than the entire case.  Where,

3   however, a fully-executed settlement agreement clearly and fully disposing of the entire

4   case is lodged reasonably in advance of the pretrial conference or trial and only a

5   ministerial act remains, the Court will arrange a telephone conference to work out an

6   alternate procedure pending a formal dismissal.

7   16.   If you have not already done so, please read and follow the "Supplemental Order to

8   Order Setting Initial Case Management Conference in Civil Cases Before Judge William

9   Alsup" and other orders issued by the Clerk's office when this action was commenced.

10   Among other things, the supplemental order explains when submissions are to go to the

11   Clerk's Office (the general rule) versus when submissions may go directly to chambers

12   (rarely).  With respect to the final pretrial conference and trial, please read and follow

13   the "Guidelines For Trial and Final Pretrial Conference in Civil Jury Cases Before The

14   Honorable William Alsup."  All orders and guidelines referenced in the paragraph are

15   available on the district court's website at http://www.cand.uscourts.gov.  The website

16   also includes other guidelines for attorney's fees motions and the necessary form of

17   attorney time records for cases before Judge Alsup.  If you do not have access to the

18   Internet, you may contact Deputy Clerk Angie Meuleman at (415) 522-2020 to learn

19   how to pick up a hard copy.

20   17.   All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3)

21   must be made on the schedule established by said rule.

23   **IT IS SO ORDERED.**

25    Dated:  May 23, 2024

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5