JAMES DAIRE (S.B.N. 239637)
REED LYON (S.B.N. 288361)
YELP INC.
350 Mission St. 10th Floor
San Francisco, CA 94105
Telephone: (415) 908-3801
Facsimile: (415) 615-0809
Email:         jdaire@yelp.com
Email:         reedlyon@yelp.com

Attorneys for Plaintiff
YELP INC.

ANTON "TONY" N. HANDAL (S.B.N. 113812)
JENIFER C. WALLIS (S.B.N. 303343)
MUNCK WILSON MANDALA, LLP
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 855-3311
Facsimile: (972) 628-3616
Email:         thandal@munckwilson.com
Email:         jwallis@munckwilson.com

Attorneys for Defendant
REVIEWVIO INC. d/b/a DANDY

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>REVIEWVIO INC., d/b/a DANDY,<br><br>    Defendant. | Case No. 23-cv-06508-WHA<br><br>**JOINT STATEMENT IN RESPONSE TO ORDER (DKT. NO. 59)** |

Plaintiff Yelp Inc. and Defendant ReviewVio Inc. d/b/a Dandy (together the "parties") have not reached a stipulation in response to the Court's Order re Sealing Motion and Stipulated

Dismissal (Dkt. No. 59) and disagree about what that means. Each party writes separately to explain its position.

**ReviewVio's Position**

The settlement reached in this case is expressly conditioned upon the confidentiality of the agreement. As the court notes in its Order (Doc. No. 59), if the parties were to dismiss the case voluntarily without the Court's continuing jurisdiction, "the resolution they reach would render the submitted settlement agreement ineffective and irrelevant, as it contemplates a different arrangement altogether." So too, would public disclosure of the settlement agreement, as confidentiality is a condition to the agreement and the text of the document itself constitutes confidential settlement negotiations subject to Federal Rules of Evidence Rule 408.

Compelling reason to maintain settlement confidentiality where, as here, disclosure of the settlement terms would be harmful to ReviewVio's business in terms of obtaining investor funding and potential value in taking the company public. Without the confidentiality of the agreement, the settlement does not stand.

Should the settlement agreement be publicly disclosed at this juncture, ReviewVio's position is that the settlement is void for failure of consideration. Indeed, the joint stipulation to dismiss the case under Rule 41(a)(c) [Dkt. No. 55] refers confirms the confidentiality of the settlement.  Accordingly, in the event of and concurrent with the Court's decision to unseal the settlement agreement, ReviewVio will deem the agreement void and withdraw its stipulation to the Rule 41(a)(c) dismissal of the case.

Compelling reasons exist, not the least of which is the preservation of judicial resources, to seal the critical portions of the settlement agreement and dismiss the case.  The Court may chose to enter dismissal of the case, seal the settlement agreement, and refuse to maintain continuing enforcement jurisdiction, thus terminating the mater.  Yelp may not like this outcome but is not without remedy as it may always revert to the courts for enforcement of the settlement agreement, with or without this Court's continuing jurisdiction.  Disclosure of the terms of the settlement agreement on the other hand risks irreparable harm to ReviewVio, as that bell may not be unrung.

Both parties agreed to settle this matter in good faith. ReviewVio is unwilling to part with confidentiality of the agreement. Should the court decline to dismiss the case without disclosure of the parties' private settlement agreement then the settlement itself is void.

### Harm to ReviewVio

Public disclosure of this settlement would cause significant harm to ReviewVio. The settlement's confidentiality protects ReviewVio from reputational harm, potential investor hesitation, and the competitive disadvantage that could arise from the public learning about the specifics of our legal agreements.

The technology industry is highly competitive, and any public revelation of legal settlements could negatively impact RevewVio's business relationships and investor confidence. As a growing company, ReviewVio relies heavily on maintaining a reputation of stability and strength in the eyes of investors, partners, and customers. Disclosing the confidential terms of the settlement could lead to investor reluctance, lower valuations, or competitive disadvantage. Without confidentiality, ReviewVio would suffer harm to its future opportunities for growth, including plans to raise capital or go public.

### ReviewVio's Request to Honor Confidentiality

ReviewVio respectfully requests that both the Court's retention of jurisdiction and the confidentiality provision should be honored, as both were essential to the settlement. If the Court finds this unworkable, the alternative would be to allow for a voluntary dismissal without continued jurisdiction, as the Court suggested. However, this too should honor the confidentiality clause, returning both parties to the original intent and framework of the agreement without unnecessary public disclosure. Given the critical role confidentiality plays in this settlement, we implore the Court to uphold this provision. Failing to do so would not only violate the agreement but undo the progress made in resolving this dispute.

**Yelp's Position**

Yelp requests that the Court effectuate the second path in its Order (Dkt. No. 59): sign the existing stipulated dismissal, retain jurisdiction under Rule 41(a)(2), and deny the motion to seal

the settlement agreement except for the last four digits of the financial-account number in paragraph 1.b.ii (under Rule 5.2(a)).

The confidentiality clause in the parties' settlement agreement unambiguously yields to court order. Specifically, "[t]he parties agree and acknowledge that this Agreement shall remain confidential and shall not be disclosed to any third party, **except** … **as required by law or court order**…"[1] Dkt. No. 58-3, ¶ 2.a (emphasis added).

Here. the Court's Order requires that the settlement agreement be disclosed in order to effectuate its terms; i.e., for the Court to retain jurisdiction to enforce ongoing obligations. Dkt. No. 58-3, ¶ 1.c.i. The parties' agreement regarding retention of jurisdiction was important to Yelp because of its history with ReviewVio, during which Yelp believed it had ReviewVio's written commitment to stop all Yelp-related activity, but then later discover that ReviewVio had resumed its activity using the "Dandy" name instead of the ReviewVio name. Dkt No. 19 ¶¶ 24-25. And as the Court has recognized, a new stipulation and voluntary dismissal under Rule 41(a)(1)(A)(ii) would only be possible if the parties reached a different settlement. Such a stipulation "would render the previously submitted settlement agreement ineffective and irrelevant, as it contemplates a different arrangement altogether." Dkt. No. 59 at 4:3-8.

While the confidentiality clause may be important to ReviewVio, ReviewVio is mistaken that the Court's Order violates that clause or creates a failure of contractual consideration. The clause has worked as it was supposed to and it gives way to law or court order. For similar reasons, ReviewVio's argument that the confidentiality clause was a condition to settlement may be true but is ultimately irrelevant. ReviewVio's argument fails to grapple with what the clause does not do: it does not create absolute confidentiality and the settlement agreement may be publicly disclosed under the circumstances present here.

Even if ReviewVio's argument were credible, public disclosure of the settlement agreement would not void the settlement for lack of consideration. The parties agreed that California law governs the settlement agreement (¶ 13) and the enforcement of an agreement to

---

[1] All of Yelp's citations to the settlement agreement are to portions that the parties agreed could be publicly filed even if the Court granted the motion to seal.

4
JOINT STATEMENT IN RESPONSE TO ORDER (DKT. NO. 59)
Case No. 23-cv-06508-WHA

settle a federal litigation is governed by the law of the state in which the agreement was entered into. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). In California, settlement agreements are governed by the same principles governing contracts generally. *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989). A party who enters into a binding settlement agreement cannot unilaterally decide later to cancel the agreement. *See, e.g., Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002). And "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled . . . is a good consideration for a promise." Cal. Civ. Code § 1605.

Yelp's agreement to dismiss its claims is good consideration for ReviewVio's promises, and no other circumstances for rescission of the settlement agreement exist here either. The parties fully integrated settlement agreement (¶ 8) was the culmination of a mediation with a retired federal magistrate judge, a binding term sheet, and two additional weeks of negotiations (*see* Recitals). In addition, the parties explicitly acknowledged "that they have had a reasonable opportunity to consult with their attorneys and or any other advisor of their choice before entering into this Agreement" and further acknowledged that they signed the settlement agreement of their "own free will and with a full knowledge and understanding of the terms of this Agreement." Dkt. No. 58-3, ¶ 15. The settlement agreement stands regardless of possible public disclosure.

DATED: September 16, 2024

Respectfully submitted,

By: */s/James Daire*
James Daire

Attorneys for Plaintiff
Yelp Inc.

Munck Wilson Mandala, LLP

By:  */s/ Anton Handal\**
Anton Handal

Attorneys for Defendant
Reviewvio Inc. d/b/a Dandy

*\* The filer of this document, Anton Handal, certifies under N.D. Cal. Civil L.R. 5-1(i)(3) that he has obtained authorization from the above signatories to file the above-referenced document and that they have concurred in the filing's content.*